IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

KELLISA JONES, INDIVIDUALLY AND ON
BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES OF KEITH COLE, DECEASED,

     Plaintiff,

                                    CIVIL ACTION NO. 3:24-cv-297-MPM-RP

V.

TATE COUNTY, MISSISSIPPI, BEN BRYOCK,
IN HIS OFFICIAL AND INDIVIDUAL
CAPACITIES; AND JOHN AND JANE DOES 1-
15, IN THEIR OFFICIAL AND INDIVIDUAL
CAPACITIES

     Defendants.

**COMPLAINT**
**(JURY TRIAL REQUESTED)**

Comes now, Plaintiff, through the undersigned counsel, and files this complaint for damages arising from the violation of constitutional rights under 42 U.S.C. § 1983, and states as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action under 42 U.S.C. § 1983 for deprivation of Keith Cole's rights secured by the Fourteenth Amendment to the United States Constitution.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's claims for violations of the Fourteenth Amendment and 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1), as the events described in this Complaint occurred within Tate County, Mississippi.

**PARTIES**

4.      Plaintiff incorporates by reference the allegations previously set forth in this complaint.

5.      Plaintiff is the surviving daughter of Keith Cole, deceased, who brings this cause individually and on behalf of the wrongful death beneficiaries of Keith Cole, deceased. Plaintiff is an adult resident of Tate County, Mississippi.

6.      Defendant Benjamin Bryock is, upon information and belief, an adult resident of Tate County, Mississippi, who at all times relevant to this Complaint was an employee of the Tate County Sheriff's Department acting under color of state law. Bryock is sued in his individual and official capacities.

7.       Defendant Tate County is a governmental entity organized under the laws of the State of Mississippi, who may be served with process through its chancery clerk at 201 Ward Street South, Senatobia, Mississippi.

8.      Defendants John Does 1-15 are persons and entities who are responsible for the improper actions against Cole, including but not limited to civil rights violations or who are later identified as necessary parties. Upon investigation and discovery, Plaintiff anticipates that other government officials will be named as Defendants as communications and testimony is collected.

**FACTUAL ALLEGATIONS**

9.      Plaintiff incorporates by reference the allegations previously set forth in this complaint.

10.      On or about September 23, 2021, at approximately 4:00 p.m., Bryock, while acting under color of state law as a deputy of the Tate County Sheriff's Department, was traveling West on Mississippi Highway 4 near Lyles Road.

2

11. While traveling West on Mississippi Highway 4, Bryock saw Cole traveling East towards him in a white truck.

12. Recognizing Cole and knowing about a previously filed protection order against Cole, Bryock turned on his blue lights and turned his vehicle around to initiate a stop of Cole so that he could serve him with a copy of the protection order.

13. Prior to Bryock initiating the traffic stop, he never observed Cole commit any type of crime.

14. Cole pulled his vehicle off of the road on the wood line right off of Mississippi Highway 4.

15. Cole then exited the vehicle and began fleeing from Bryock on foot through the nearby woods.

16. As Cole fled, Bryock activated his body camera, pulled his duty weapon, and ordered Cole to place himself on the ground.

17. Cole continued to flee.

18. As Cole fled, he continuously pulled his pants up.

19. At no point during Cole's fleeing through the woods did Bryock observe a gun or any other type of weapon.

20. Cole then turned and began walking East on Crockett Drive, a gravel road.

21. While walking along Crockett Drive, Cole continued to pull up his pants.

22. While following Cole on Crockett Drive, Bryock pulled his duty weapon but did not fire.

23. As Bryock had his weapon drawn, he told Cole to get down or he (Bryock) was "fixin' to shoot."

3

24. Cole, at least fifty feet away, turned around to face Bryock, but then turned back around and continued walking down Crockett Drive.

25. Bryock then deactivated his body camera.

26. At no point during Cole's fleeing along Crockett Drive did Bryock observe a gun or any other type of weapon.

27. After Bryock deactivated his body camera, he followed Cole back into the nearby woods.

28. While Cole made his way into the woods, Bryock observed him remove his white shirt.

29. Eventually, after no longer hearing or observing Cole, Bryock believed that Cole was lying on the ground in an attempt to hide from Bryock.

30. Bryock found Cole lying down on his stomach near some light brush.

31. Byrock then approached Cole with his weapon drawn.

32. Byrock, while approaching Cole, ordered Cole to stand up.

33. Cole stood up, and Bryock continued to approach Cole with his weapon drawn, acting as though he were about to discharge his weapon.

34. Using his left elbow, Cole attempted to push Bryock away from him.

35. At the time that Cole attempted to push Bryock away from him, Bryock did not know what Cole was doing or about to do.

36. Bryock, using his left hand, pushed Cole away from him.

37. Immediately after pushing Cole away from him, Bryock shot Cole twice with the firearm in his right hand.

38. At the moment that Bryock shot Cole, Cole posed no immediate threat to Bryock

4

or others.

39.     Bryock's shooting of Cole was not done to protect his life or the lives of others.

40.     One shot struck Cole in the upper left chest.

41.     Another shot struck Cole in the stomach.

42.     Bryock fell on the ground, face first.

43.     Bryock then advised dispatch that he had shot Cole.

44.     Approximately fifteen seconds after shooting Cole, Bryock re-activated his body camera by tapping it twice.

45.     As Cole continued to bleed out, Bryock turned Cole over.

46.     Bryock saw where he had shot Cole, he radioed dispatch to advise where he shot Cole.

47.     Aside from requesting medical assistance from dispatch, Bryock took no step to render aid to Cole after shooting him.

48.     As Cole continued to bleed, Bryock looked around to see if Cole had dropped a weapon.

49.     Not seeing a weapon, Bryock pulled Cole's pants down to continue searching for a weapon, but instead only found the white shirt that Cole had been wearing earlier.

50.     At no point before, during, or after Bryock shot Cole did any member of law enforcement observe or find a weapon.

51.     As a direct and proximate result of the actions or omissions of Defendants, Keith Cole was wrongfully killed, and his Constitutional rights under the United States Constitution and Mississippi Constitution were violated.

52.     It was reasonably foreseeable that Keith Cole and his family would sustain

significant damages and devastating losses as a result of the actions or omissions of Defendants.

53. At all times relevant to this matter, Defendant Bryock acted in his official capacity as a law enforcement officer for the Tate County Sheriff's Department and acted under color of state law.

54. Alternatively, at all times relevant to this matter, Defendant Bryock was acting in his individual capacity.

55. All Defendants named in this Complaint share responsibility for violating Cole's constitutional rights.

**CAUSES OF ACTION**

56. Plaintiff incorporates by reference the allegations previously set forth in this complaint.

57. The actions of Bryock were objectively unreasonable in light of clearly established law.

58. Bryock's use of deadly force was clearly excessive to the relevant need.

59. Bryock's use of deadly force was not permitted, as neither Bryock's life nor others' lives were endangered.

60. The excessiveness of Bryock's use of force was objectively unreasonable.

61. The amount of force used by Bryock violated Cole's right to be free from the use of excessive force under the Fourteenth Amendment to the United States Constitution.

62. Defendant Tate County maintained an unconstitutional policy, practice, or custom of allowing its deputies to use excessive force under circumstances where the use of such force was neither necessary nor reasonable.

63. Defendant Tate County failed to adopt adequate policies regarding the use of deadly

force and/or failed to properly train its deputies in the use of deadly force.

64.     Defendant Tate County failed to adopt policies and/or failed to train its deputies regarding how to properly confront and handle persons who are fleeing.

65.     Defendant Tate County failed to train its deputies in how to recognize the need for medical care and how to properly and timely render necessary medical care to those within the custody of its deputies.

66.     Defendant Tate County's acts and omissions, as described above, were a driving force behind the amount of force used against Cole and the resulting violation of his constitutional rights.

67.     The direct and proximate result of Defendants' actions and/or inactions were that Decedent suffered severe physical and emotional injuries, including death.

## DAMAGES

68.     Plaintiff incorporates by reference the allegations previously set forth in this complaint.

69.     Under 42 U.S.C. § 1983, the wrongful death beneficiaries of Cole are entitled to recover compensatory and punitive damages resulting from his wrongful death which was caused by the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, including funeral costs, lost wages and services, damages for Cole's conscious pain and suffering, and damages for the loss of Cole's society and companionship.

70.     Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to recover reasonable attorney fees incurred in pursuing damages for the constitutional violations described herein.

71.     It was foreseeable that the above damages would be sustained as a result of the acts and/or omissions of Defendants.

**REQUEST FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully prays for judgment against all defendants for compensatory damages and a judgment against the individual defendants for punitive damages in an amount to be determined by a struck jury, as well as attorney fees, expenses, costs, and interest from the date of judgment. Plaintiff further prays for all such further relief, both general and specific, to which she may be entitled.

Plaintiff reserves the right to amend these pleadings to conform to the facts of this matter.

Respectfully submitted this day, September 22, 2024.

BY:   */s/Arthur H. Calderón*
        Arthur H. Calderón, MSB 103917
        Calderón Law, PLLC
        7716 Old Canton Road, Ste. C
        P.O. Box 129
        Madison, MS 39110
        Phone: 662-545-4445
        Fax: 662-796-3689
        arthur@msdeltalaw.com
        PLAINTIFF'S COUNSEL